SARAH B. RAMALEY and Another v. FLORENCE W. RAMALEY and Another.[1]

October 27, 1897.

Nos. 10,788—(38).

Judgment—Entry—Authority of Clerk.

>   Where a cause is heard by a court or referee, the judgment entered by the clerk of the court must be in accordance with the conclusions of law and the order for judgment. He has no authority to include anything in the judgment which is not authorized by such conclusions and order, even although the findings of fact would have justified or required different conclusions of law.

Appeal by plaintiffs from an order of the district court for Ramsey county, Otis, J., denying their motion to vacate or modify the judgment entered in the action so as to make it conform to the issues made by the pleadings, and to the findings and conclusions of the referee. Reversed.

*William G. White*, for appellants.

*T. R. Palmer*, for respondents.

BUCK, J.

Only one question is involved in this appeal, viz. was the judgment entered in accordance with the findings and decision of the referee? And it comes before this court upon an appeal from an order denying plaintiffs' application, either to vacate the judgment or so modify it as to make it conform to the decision of the referee.

The plaintiffs are the parents of the defendant Florence W. Ramaley. On November 13, 1893, Sarah B. Ramaley owned certain premises, and then executed to Florence W. Ramaley a deed absolute in form, but which was in fact a deed of trust; and he at the same time executed back to his mother an agreement in writing, which in fact was a trust agreement, relating to the property described in the deed. We need not enter into any discussion of the merits of the case, as they are not involved in this appeal. The action was one to revoke the trust and compel a reconveyance of the property, and for an accounting, and also for an order prohibit-

[1] Reported in 72 N. W. 694.

ing and enjoining Florence W. Ramaley from interfering in any manner with the premises, or making any improvements or expenditures in connection with said matter. The answer, among other things, admitted the trust, denied many of the allegations of the complaint, alleged the making of necessary expenditures in the execution of the trust, and demanded an accounting, that plaintiffs take nothing by the action, and that defendants have judgment for their costs. By stipulation, a referee was appointed to hear, try, and determine the issues of law and fact. After stating his findings of fact, the referee found, as conclusions of law:

"First, that the plaintiffs are not entitled to any relief in this action; second, that the defendants are entitled to judgment against the plaintiffs for the costs and disbursements of this action. Let judgment be entered accordingly."

The clerk entered judgment in accordance with these conclusions of law, and order, but he went much further, and inserted in the judgment the following language, viz.:

"It is hereby further adjudged and decreed that on the 1st day of April, 1895, there was due and owing to the defendant Florence W. Ramaley from the plaintiff Sarah B. Ramaley, for money advanced under and pursuant to the trust agreement, * * * the sum of $3,961.89, with interest."

The insertion of this language in the judgment by the clerk was unwarranted by the conclusions of law and order for judgment, and prejudicial to the rights of the plaintiff. Where the trial is by a referee, he must state the facts found and the conclusions of law separately. G. S. 1894, § 5394. And judgment must be entered thereon accordingly. "The judgment shall be entered in the judgment book and specify clearly the relief granted or other determination of the action." G. S. 1894, § 5421. The legal conclusions which flow from the existence of certain facts, and a direction to enter judgment in accordance therewith, are the mandatory part of the findings, where the referee tries questions of law and fact. The decision should contain a sufficient statement of facts to form a basis for the conclusions of law, and these conclusions and the order for judgment based thereon are the mandatory guide for the clerk in the performance of his ministerial duty in

entering judgment. A judgment is an adjudication of the rights of the parties upon the issues involved. The findings of fact are one thing, but the judgment entered upon the conclusions of law upon facts found is a very different matter. The first involves a judicial examination into some matters of fact, while the latter embodies the sentence of the law upon the facts found; and it is the relief granted or right adjudicated by the conclusions of law that goes into the judgment, and to such conclusions we must look in determining whether anything improper or erroneous has gone into such judgment. Loeschigk v. Addison, 19 Abb. Prac. 169.

The insertion in the judgment by the clerk of the paragraph quoted, forming no part of the conclusions of law or order, was a substantial error; and the judgment, being unauthorized, must be modified.

Order reversed and case remanded, and trial court directed to modify the judgment so that the same shall conform to the conclusions of law of the referee.