# FIRST NATIONAL BANK OF NOME v. MAHONEY.

(135 N. W. 771.)

**Chattel mortgages — actions — findings.**

1. A finding, in an action to foreclose a chattel mortgage, that the mortgagor has disposed of part of such mortgaged property and has failed to take proper care thereof and that the same is running down and deteriorating, is a finding of ultimate facts, and proper as far as it goes.

**Chattel mortgages — foreclosure — findings.**

2. In an action to foreclose more than one chattel mortgage the court must find the amount due on the debt secured by each mortgage separately.

**Chattel mortgages — foreclosure — findings — actions.**

3. In an action to foreclose more than one chattel mortgage, when the disposal or injury to the property, or its deteriorating in value, is relied upon as a ground for foreclosure, before the note secured is due, as to part only of the mortgages being foreclosed, separate findings should be made on these subjects regarding the security of each mortgage, and whether the debt secured by each separate mortgage is insecure.

**Trial — findings.**

4. A finding of the amount due on a note or notes is a conclusion of law.

**Chattel mortgages — foreclosure — judgment — actions.**

5. In an action to foreclose a chattel mortgage, or mortgages, the clerk has no power to enter a personal judgment against the defendant unless the amount

23 N. D.—12.

due on the indebtedness is found and a personal judgment ordered therefor or for a deficiency.

**Chattel mortgages — foreclosure — judgment — actions.**

6. Sec. 7516, Rev. Codes 1905, prescribes certain essential elements of a valid judgment foreclosing a lien on personal property, and its terms should be followed; and a judgment which fails to conform to the requirements of that section in material respects cannot be sustained.

Opinion filed April 6, 1912.

Appeal by defendant from a judgment of the District Court for Ransom County, *Allen,* J., foreclosing chattel mortgages.

Reversed.

*Rourke & Kvello,* for appellant.

Judgment entered is not supported by the findings, conclusions, or order for judgment. Ramaley v. Ramaley, 69 Minn. 491, 72 N. W. 694; Loeschigk v. Addison, 19 Abb. Pr. 169; Clendenning v. Mathews, 1 Tex. App. Civ. Cas. (White & W.) 904; 4 Wait, Pr. § 6, p. 708; 9 Enc. Pl. & Pr. 423, 424, § 3; Collier v. Irvin, 2 Mont. 335; 8 Enc. Pl. & Pr. 942; Maynard v. Locomotive Engineers' Mut. L. & Acci. Ins. Asso. 14 Utah, 458, 47 Pac. 1030; Walley v. Deseret Nat. Bank, 14 Utah, 305, 47 Pac. 147; Karren v. Karren, 25 Utah, 87, 60 L.R.A. 294, 95 Am. St. Rep. 817, 69 Pac. 465; Ridgley v. Abbott Quicksilver Min. Co. — Cal. —, 79 Pac. 833.

*Curtis & Curtis,* for respondent.

Findings should contain a concise statement of the several facts found by the court from the evidence, and not the evidence from which they are found. Jones v. Block, 30 Cal. 227; Minnich v. Darling, 8 Ind. App. 539, 36 N. E. 173; Van Riper v. Baker, 44 Iowa, 450; Oliphant v. Atchison County, 18 Kan. 386; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880.

Reasons for the court's decisions should not be set out in the finding. Bernal v. Wade, 46 Cal. 663; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880.

Foreclosure decree should contain a finding as to the exact amount due the mortgagee. Wernwag v. Brown, 3 Blackf. 457, 26 Am. Dec. 433; Tompkins v. Wiltberger, 56 Ill. 385; Collier v. Ervin, 2 Mont. 335; Rollins v. Forbes, 10 Cal. 299.

SPALDING, Ch. J. This is an appeal from what purports to be a judgment foreclosing three chattel mortgages. The case is before us on the judgment roll alone. Error is assigned with reference to most of the findings made by the court. We shall consider such only as we deem material.

1. It is urged that there is no finding of fact from which the legal conclusion can be drawn that the defendant had disposed of any part of the mortgaged property, or that the same was running down and deteriorating; and that there is no finding that the defendant disposed of any part of the property covered by any particular mortgage or mortgages. We think the finding made to the effect that the mortgagor had removed and disposed of part of the mortgaged property, and had failed to take proper care of such property; and that the same was running down and deteriorating,—is a statement of the ultimate facts on that subject, and would be sufficient were there only one mortgage. It is insufficient, however, because it does not disclose whether it applies to the property covered by all the mortgages, or part of them. There should have been a finding on these facts with reference to the property covered by each mortgage, and whether the debt secured by each separate mortgage was insecure.

2. Error is assigned because there is no finding of fact, conclusion of law, or order of the court, conferring power or authority on the clerk to enter a personal judgment against this defendant. This assignment is well taken. There is no finding of any fact as to the amount unpaid on the notes. There is what purports to be a finding of fact of the amount due on the combined notes. This, however, is but a mere conclusion of law. It might properly be included in the conclusion of law, but has no place in the findings of facts.

3. Error is also assigned because there is no finding of the amount due upon each note under each mortgage. This assignment must be sustained. It is necessary to find the amount unpaid on the debt secured by each mortgage, and also that there is ground for deeming the debt secured by any mortgage insecure. So far as the findings and conclusions contained in this record disclose, more than one mortgage may have been foreclosed by reason of the insecurity of the debt secured by one or both other mortgages. It is apparent that this is erroneous. Collier v. Ervin, 2 Mont. 335.

4. The conclusions of law are simply to the effect that the plaintiff is entitled to the foreclosure of each of said mortgages, Exhibits A, B, and C, in satisfaction of its debt, and for its costs and disbursements in this action; and judgment was ordered accordingly. The clerk is without authority to include anything in the judgment which is not authorized by the conclusions and order. The facts found not including the amount unpaid on each note, and the order not directing the entry of personal judgment, do not sustain the judgment entered. Ramaley v. Ramaley, 69 Minn. 491, 72 N. W. 694; Loeschigk v. Addison, 19 Abb. Pr. 169; Ridgley v. Abbott Quicksilver Min. Co. — Cal. —, 79 Pac. 833.

5. Section 7516, Rev. Codes 1905, relating to judgments in actions to foreclose liens on personal property, is as follows: "In such action judgment in favor of the plaintiff must specify the amount due on the lien, and direct a sale of the property to satisfy the same and the costs, by a person appointed thereby or by an officer designated therein, in the manner provided for the sale of personal property under execution; and the application by him of the proceeds of the sale, less his fees and expenses, to the payment of the judgment and costs. It may also provide for the payment of the surplus to the owner of the chattel and for the safekeeping of the surplus, if necessary, until it is claimed by him. If the defendant upon whom the summons is personally served is liable for the amount of the lien, or for any part thereof, judgment may be entered against him accordingly."

The judgment in the case at bar does not fix the amount due upon each of the several liens. It does not designate any officer or person to make the sale, the application of the proceeds of sale, and in other respects fails to comply with the requirements of the above section. A judgment of foreclosure which does not conform in material respects to the above section cannot be sustained.

The findings and judgment are vacated, and the District Court is directed to make new findings of fact, and to enter a new judgment appropriate to the facts found and the law relating to foreclosure of personal property liens by action.