In the Matter of JOSEPH WILLIAMS.

August 30, 1888.

**Habeas Corpus—Prisoner Sentenced for Less than Prescribed Term.** —A judgment of imprisonment for crime, for a term less than that pre- scribed by law, there being no other defect, is merely erroneous, not void. The prisoner is not entitled to release upon *habeas corpus.*

*Habeas corpus,* the petition setting forth the facts stated in the opinion, and the writ being directed to H. G. Stordock, warden of the state prison.

*Thomas J. Leftwich,* for petitioner.

*Moses E. Clapp,* Attorney General, for respondent.

DICKINSON, J. Through a writ of *habeas corpus* the above-named relator seeks a discharge from imprisonment in the state prison. The legality of his imprisonment depends upon the question whether the judgment by virtue of which he has been imprisoned, is void. The relator was convicted in the district court upon an indictment of the crime of grand larceny in the first degree, and thereupon was sentenced, as the record shows, to imprisonment in the state prison for the term of one year and three months. The penalty prescribed for this offence in our Penal Code (section 420) is imprisonment in the state prison for a term not less than five years, nor more than ten years. This judgment, which was obviously erroneous in respect to the term of imprisonment, might have been corrected by appellate proceedings; but the writ of *habeas corpus* cannot be made use of to secure the discharge of the prisoner unless the judgment was wholly void,—a legal nullity. We are of the opinion that the judgment was merely erroneous, and not void. *Ex parte Shaw,* 7 Ohio St. 81; *Ex parte Lange,* 18 Wall. 163, 174. The court had jurisdiction over the defendant and of the cause. The judgment was within the scope of the general jurisdiction of the court. It was of the kind prescribed by law for this offence, the only error being that a shorter term of imprisonment was imposed than the law demanded. The case first cited above was like that before us. The case last cited fully sustains our conclusion. The principle of that case may be thus stated: When a criminal judgment, which is erroneous because an excessive penalty is imposed, has been satisfied in that particular, or to that extent, which would have been lawful if no further penalty had been included, it is a satisfaction of the demands of the law, and a new sentence would for that reason be void. In other words, the judgment, although erroneous, is not void, but of legal effect. The prisoner will be remanded to the custody of the respondent.