### K. S. ILTIS and Another v. GREENGARD BROTHERS.[1]

December 3, 1909.

Nos. 16,315—(110).

**Jurisdiction of Municipal Court — Equitable Relief.**

A defendant in an action in a municipal court cannot oust the court of jurisdiction, and secure a transfer of the cause to the district court, by simply demanding equitable relief in his answer. To effect such result, the answer must allege facts which, if true, would entitle the defendant to some equitable relief.

**Same.**

No equitable defense was interposed in this case, and the municipal court had jurisdiction to hear and determine the issues made by the pleadings, and the judgment herein, so far as it conforms to the pleadings, findings, and order for judgment, is valid.

Action in the municipal court for the village of International Falls to recover $120 rent. The substance of the answer and the facts are stated in the opinion. The court ordered judgment in favor of plaintiffs for $67.40 and the clerk of court in the entry of judgment inserted also a clause canceling the lease executed by the parties. Plaintiffs appealed from the judgment to the district court for Koochiching county and the proceedings in the district court are stated in the third and fourth paragraphs of the opinion. From the order of the district court vacating its previous order and ordering that the case be put upon the calendar for trial at the next general term, Wright, J., and from an order denying defendants' motion to require plaintiffs to satisfy the judgment, defendants appealed. Reversed without prejudice to the plaintiffs' right, if so advised, to move the district court to strike out the void part of the judgment.

*Kane & Palmer,* for appellants.

*F. J. McPartlin,* for respondents.

[1]Reported in 123 N. W. 406.

START, C. J.

This action originated in the municipal court of the village of International Falls. The allegations of the complaint are to the effect that the parties hereto entered into a written lease, whereby the plaintiffs leased to the defendants a store building and lot for one year at a rental of $60 per month, payable monthly, and that the rent for two months is due and unpaid. The answer admitted the making of the lease, and alleged that the plaintiffs had failed to perform certain conditions of the lease, which were specified, and that the plaintiffs entered upon the leased premises and erected a warehouse thereon for their own use, without the consent of the defendants, and, further, that by reason of said plaintiffs' failure and refusal to perform all of the terms and conditions of said lease on their part to be performed the said defendants have been damaged in the sum of $120 to this date, and said plaintiffs have forfeited all rights under said lease, and said defendants released from all liability thereunder. The answer also alleged a counterclaim for goods sold, of the value of $32.60, and demanded judgment for $152.60, and that the lease be declared canceled, and the defendants released from all further liability thereunder. The reply admitted the counterclaim, and put in issue the other allegations of the answer.

The issues were tried by the municipal court without a jury, and findings of fact were made to the effect that there was due to the plaintiffs $120 for rent, less $20 damages allowed the defendants, which were sustained by the plaintiffs building a warehouse on the leased premises, and less $32.60, the admitted counterclaim. Then followed these words: "The court further finds that said lease has been violated by both parties to this action, and that said lease is now null and void." As a conclusion of law the court directed that judgment be entered for the balance, $67.40, with one-half of costs and disbursements, and not otherwise. The clerk of the municipal court, notwithstanding such specific directions, entered judgment, not only for the amount directed, but added thereto these words: "And it is further adjudged and decreed that the lease executed by the parties to this action be canceled." The record does not show that the

109 M.—14

plaintiffs ever applied to the municipal court to have the judgment corrected to conform with its order therefor.

The plaintiffs appealed to the district court of the county of Koochiching from the judgment, but failed to place the case upon the calendar of the court within the time required by law. Thereupon, and on the third day of the term, the defendants moved the court that the case be placed upon the calendar and the judgment of the lower court affirmed. The plaintiffs' attorney was present in court and opposed the motion, upon his verbal statement that he had made a verbal agreement with defendants' attorney that the case might be continued over the term, which statement was denied by the defendants' attorney. After hearing counsel, the court, Judge Stanton presiding, granted the motion, and the cause was placed on the calendar, and the judgment appealed from affirmed. No application was ever made to Judge Stanton to vacate such order and judgment.

Some two months thereafter the plaintiffs moved the district court as follows: "To vacate the order of the district court, made November 12, 1908, affirming the decision of the municipal court of International Falls, Minnesota, on an appeal of this case; that the judgment entered on said order be declared void; that the judgment of municipal court of International Falls in this case be declared null and void; that this case be placed upon the calendar for trial upon its merits, as if the same had been transcribed to this court by the clerk of the said municipal court; and for such other and further relief as to the court may seem necessary upon the facts disclosed from the records."

It was stated in the affidavit of plaintiffs' counsel upon which the motion was based that the court, in making the order affirming the judgment of the municipal court, was led by the argument of defendants' counsel to believe that the motion to place the case on the calendar and affirm the judgment should be granted as a matter of course, and was not a matter of judicial discretion. See Christian v. Dorsey, 69 Minn. 346, 72 N. W. 568. The certificate of the judge who heard the original motion shows that the motion to place upon the calendar was heard and determined upon the merits after hearing counsel on both sides. It is also clear from the record that the

motion to set aside the judgment was not addressed to the discretion of the court, but was based upon an alleged legal right; that is, that the judgment was a nullity. Nor did the affidavit upon which the motion was based state any facts which would justify any discretionary relief, if the judgment was found to be valid. The district court, Judge Wright presiding, made its order to the effect that the order and judgment affirming the judgment of the municipal court should be set aside, and the case be placed upon the calendar for trial. It appears from the memorandum attached to the order that the district court treated the motion as one addressed to its discretion. The defendants appealed from the order.

Counsel for plaintiffs does not here seek to sustain the order on the ground that the granting or denying of the motion was within the discretion of the court, but substantially upon the grounds following: The municipal court has no jurisdiction of an action wherein equitable relief is demanded; whenever an equitable defense is interposed, the fact shall be recorded, and the clerk shall transmit a certified transcript of the record to the district court, and thereafter the cause shall proceed in that court as if originally begun therein (R. L. 1905, §§ 129, 130); and, further, that the municipal court had no jurisdiction of this case, and hence its judgment and the judgment of the district court affirming it were void. Therefore a motion to set aside the void judgment of the district court could be made and granted at any time, and thereby purge the record of a nullity. The claim of the plaintiffs, as stated in their brief, that the whole case hinges upon the jurisdiction of the municipal court to try the action in the first instance, may be conceded for the purposes only of this appeal.

It is clear that a defendant in an action in a municipal court cannot oust the court of jurisdiction and secure a transfer of the cause to the district court by simply praying for equitable relief in his answer. To effect such result an equitable defense must be interposed; that is, the answer must allege facts which, if true, would entitle the defendant to some equitable relief. Otherwise, all a defendant would have to do, in order to delay a cause by its transfer to the district court, would be to ask for equitable relief in his prayer

for judgment, although it was not germane to any facts alleged. It is true that section 129, R. L. 1905, provides that the municipal court shall not have jurisdiction in any action "wherein equitable relief is demanded;" but this provision must be construed in connection with section 130, R. L. 1905, which provides that, if "an equitable defense is interposed," the action shall be transferred to the district court. If it had been the absurd intention of the statute to oust the municipal court of jurisdiction whenever equitable relief was simply demanded in the prayer for judgment, the provision would have been made for the transfer of the action in such a case to the district court, instead of providing for such transfer in a case whenever an equitable defense is interposed.

The answer in this case made no attempt to allege any facts constituting equitable defense. It simply alleged facts showing a breach of the conditions of the lease, to the damage of the defendants in the sum of $120. The statement in the answer that the plaintiffs forfeited all rights under the lease, and that defendants were released from all liability thereunder, was not a statement of any ultimate fact; nor was the statement of the municipal court, in its findings of fact, that both parties had violated the lease, and that it was void, a finding of fact or a conclusion from any fact found, for the court expressly found that the only result to the defendants of a breach of the conditions of the lease was $20 damages. It follows that the municipal court had jurisdiction to try the issues made by the pleadings, and to direct the entry of the only judgment it did direct; that is, a judgment for the plaintiffs in the sum of $67.40.

The judgment entered by the clerk went beyond the order for judgment, and added a clause adjudging that the lease be canceled. This part of the judgment was void, and the plaintiffs might have applied to have it expunged. Ramaley v. Ramaley, 69 Minn. 491, 72 N. W. 694. Even if the court had ordered judgment canceling the lease, the judgment to this extent would have been void on the face of the record; for neither the pleadings nor the findings of fact support that part of the judgment. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. 612.

We accordingly hold that the municipal court had jurisdiction

to hear and determine this case; that its judgment and that of the district court affirming it are valid, except as to the part thereof which purports to cancel the lease, which is void on the face of the record; and, further, that the order appealed from must be reversed, without prejudice to the right of the plaintiffs to apply to the district court on notice to the defendants to strike from the judgment the void part thereof.

The defendants also appealed from an order of the district court denying their motion to require the plaintiffs to satisfy the judgment against the defendants upon depositing the amount thereof in court, they having tendered the same to the plaintiffs, which was refused. The district court having made its order vacating the judgment and placing the cause on the calendar for trial, the denial of the defendants' motion logically followed; but, that order being erroneous, it follows that the motion to have the judgment satisfied should have been granted.

In view of the peculiar character of this case, and the fact that it was set for oral argument, contrary to the rule, no statutory costs will be taxed.

Ordered, that each of the orders appealed from be reversed, without prejudice to the plaintiffs' right, if so advised, to move the district court to strike out the void part of the judgment.