## STATE EX REL. MARTIN PETCOFF v. C. S. REED.[1]

### July 20, 1917.

### Nos. 20,515—(252).

**Criminal law — habeas corpus — when convict is not entitled to discharge.**

1. Where the conviction is valid and only the sentence void, a defendant is not entitled to an unconditional discharge upon a writ of habeas corpus.

**Same — excessive sentence.**

2. If the sentence exceeds the penalty which the court had power to impose, it is void as to the excess; but the defendant cannot be discharged on habeas corpus until he has performed the part which the court had power to impose if it be severable from the unlawful part.

**Same — remanded when sentence is void.**

3. If the sentence is wholly void the defendant will be remanded for a lawful sentence.

**Same — when indeterminate sentence is void.**

4. Where the law requires a sentence to be for a definite term, a sentence from which the length of the term cannot be ascertained is void.

**Same — when sentence "according to law" is void.**

5. A sentence for murder in the third degree to "imprisonment at hard labor in the state prison at Stillwater, Minnesota, according to law," when the statute required for such a crime a definite term of "not less than seven years nor more than thirty years," is void.

Upon the relation of Oscar Todorff the district court for Washington county granted its writ of habeas corpus in favor of Martin Petcoff directed to the warden of the state prison. The respondent made return and on the return day the writ was discharged, Nethaway, J. From the order of dismissal, relator appealed. Remanded with directions.

*Thomas J. Newman* and *Harvey O. Sargeant,* for appellant.

*Lyndon A. Smith,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for respondent.

[1]Reported in 163 N. W. 984.

138 M—30

TAYLOR, C.

A writ of habeas corpus was issued from the district court of Washington county to the respondent, warden of the state prison. Upon the hearing the writ was discharged. The relator appeals. Under our statute the trial in this court is a trial de novo.

On November 26, 1913, the relator was duly convicted in the district court of Ramsey county of the crime of murder in the third degree committed on July 23, 1913, and thereupon was sentenced to "imprisonment at hard labor in the State prison at Stillwater, Minnesota, according to law." This sentence was evidently imposed on the theory that the indeterminate sentence law (Laws 1911, p. 412, c. 298, G. S. 1913, § 9267), applied to murder in the third degree, and would be sufficient if the case came under that law. But that law did not then apply to murder in any of its degrees. It has been extended by chapter 319, p. 455, of the Laws of 1917, so that it now applies to murder in the third degree, but, as the amendment does not apply to crimes committed before its passage, it has no bearing upon the present case. The law governing the present case provides that murder in the third degree "shall be punished by imprisonment in the state prison for not less than seven years, nor more than thirty years" (G. S. 1913, § 8606); and further provides that, "whenever the punishment is left undetermined between certain limits, the court shall determine the same within the prescribed limits." G. S. 1913, § 8480. The law required the court, in the exercise of its judicial discretion, to fix a definite term which could not be less than 7 years nor more than 30 years. On the theory that the indeterminate sentence law applied, the court failed to do so and the sentence is clearly erroneous.

Only the validity of the sentence is challenged; the validity of the conviction is conceded. Where the conviction is valid, but the sentence imposed is void either in whole or in part, the weight of modern authority is to the effect that the prisoner cannot secure an unconditional discharge upon a writ of habeas corpus.

If the sentence imposes a greater penalty than the court had power to impose, it is void as to the excess; but, if the sentence be severable so that the lawful part may be performed without performing the unlawful part, the prisoner is not entitled to a discharge on habeas corpus

until he has fully performed so much of the sentence as the court had power to impose. State v. Reed, 132 Minn. 295, 156 N. W. 127; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. ed. 149; De Bara v. U. S. (C. C. A.) 99 Fed. 942, 40 C. C. A. 194; U. S. v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. ed. 631; Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. ed. 110, 21 Ann. Cas. 849; In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L.R.A. 136, 58 Am. St. 843; Ex parte Melosevich, 36 Nev. 67, 133 Pac. 57; In re Cica, 18 N. M. 452, 137 Pac. 598, 51 L. R. A. (N. S.) 373; 12 R. C. L. 1208, § 27, and cases there cited; Ex parte Ellerd, 71 Tex. Cr. 285, 158 S. W. 1145, Ann. Cas. 1916D, 361, and cases cited in note appended thereto.

If the sentence is valid in part and void in part and the two are not severable, or if it is wholly void because not such as the court was authorized to impose, the prisoner will be remanded for the imposition of a lawful sentence. State v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513; State v. Langum, 125 Minn. 304, 146 N. W. 1102; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. ed. 149; People v. Kelly, 97 N. Y. 212; In re Collins, 51 Mont. 215, 152 Pac. 40; In re Howard, 72 Kan. 273, 83 Pac. 1032; Re Harris, 68 Vt. 243, 35 Atl. 55; State v. District Court, 35 Mont. 30, 89 Pac. 63; Murphy v. Com. 172 Mass. 264, 52 N. E. 505, 43 L.R.A. 154, 70 Am. St. 266.

Where the law requires a definite term, a sentence to imprisonment to be valid must be so definite and certain that both the prisoner and the officer charged with his custody may ascertain therefrom the term for which he is committed. In re Howard, 72 Kan. 273; Picket v. State, 22 Oh. St. 405; People v. Pirfenbrink, 96 Ill. 68. If a sentence apparently indefinite can be made definite by reading it in connection with the statute under which it is imposed, it will be sustained. Elsner v. Shrigley, 80 Iowa, 30, 45 N. W. 393; In re Hamilton, 188 Mich. 499, 154 N. W. 567.

The suggestion is made that as the law fixes the minimum term at seven years, the sentence in question is valid to that extent, and should be construed as imposing a term of seven years.

The rulings are to the effect that an indeterminate sentence, imposed under a law authorizing such sentences, is a sentence for the maximum term prescribed for the offense committed, coupled with a provision

which permits but does not require an earlier release; that, as an earlier release cannot be demanded as of right, the sentence necessarily operates as a sentence for the maximum term. State v. Page, 60 Kan. 664, 57 Pac. 514; Oliver v. Oliver, 169 Mass. 592, 48 N. E. 843; Murphy v. Com. 172 Mass. 264, 52 N. E. 505, 43 L.R.A. 154, 70 Am. St. 266; People v. State Reformatory, 148 Ill. 413, 36 N. E. 76, 23 L.R.A. 139; see also State v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L.R.A. (N.S.) 978, Ann. Cas. 1914A, 1248.

The argument that only seven years was intended is no more forceful than an argument that 30 years was intended. Neither term was in the mind of the court as a definite period of imprisonment. The court intended to impose an indeterminate sentence, under which the defendant might be released by the board of parole at any time after seven years, but would be held for 30 years unless so released. The sentence is not erroneous because the term contemplated is too short or too long, but because it is indefinite. The law required the sentence to be for a definite term, and required the court in the exercise of its judicial functions to fix the length of such term within the prescribed limits. As this was not done and the law relating to indeterminate sentences cannot be read into this sentence, the sentence is void.

The relator is remanded to the custody of the respondent, warden of the state prison, who will deliver him to the district court of Ramsey county for the imposition of a lawful sentence nunc pro tunc.