A. S. HALL, Petitioner, v. O. D. WHEELER, Judge, Respondent.

INTOXICATING LIQUORS: Contempt—Suspension of Commitment.
1  A judgment committing an accused to jail for contempt is not invalidated by the unauthorized act of the court in ordering a "suspension" of the sentence.

CRIMINAL LAW: Judgment or Sentence—Exceeding Statutory Limit.
2  A sentence of commitment in excess of that authorized by statute is void *only as to said excess.*

*Certiorari to Pottawattamie District Court.*—O. D. WHEELER, Judge.

JUNE 22, 1923.

PROCEEDING in certiorari, to test the validity of orders made by respondent court. Facts appear in the opinion. Writ sustained in part and annulled in part.—*Sustained in part; annulled in part.*

*John P. Tinley* and *Verne Benjamin,* for plaintiff.

*Frank E. Northrop,* for defendant.

ARTHUR, J.—On June 19, 1917, in an action begun in the Pottawattamie district court, wherein the state of Iowa was plaintiff, and A. S. Hall, petitioner in the instant case, was defendant, the court found that A. S. Hall "was engaged in the unlawful sale and keeping for sale of intoxicating liquors in violation of law, thereby maintaining a nuisance, in a certain building," by selling, keeping for sale, and being concerned in selling and keeping with intent to sell, intoxicating liquors, in violation of law; and decree of permanent injunction was entered.

I.  On April 9, 1918, Hall was charged with violating said injunction of June 19, 1917, and with being in contempt of court by reason of such violation. At the hearing on April 19, 1918, Hall appeared in person and by attorney, and entered written plea of guilty to the charge of contempt, and the court entered the following order:

"It is hereby ordered, adjudged, and decreed by the court that the defendant, A. S. Hall, be confined at hard labor in the county jail of this county for a period of one year."

The further order was entered:

"It is ordered that commitment do not issue until further order of this court."

II.  On December 21, 1922, an application was filed in respondent's court by the assistant county attorney of Potta-wattamie County, showing that, on April 19, 1918, defendant, petitioner in the instant case, was ordered committed. to the county jail for a period of one year, for violation of a liquor injunction, the injunction of June 19, 1917, and that, in the said contempt proceeding of April 19, 1918, the judgment provided that commitment be withheld until further order of the court, and praying that an order of commitment now issue upon the judgment for contempt.  This application was set down for hearing.  On December 23, 1922, defendant appeared at the hearing, in person and by his attorney.  Testimony was introduced by the State and by defendant Hall.  The court found that Hall had, on various occasions, and during the months of October, November, and December, 1922, "violated the terms of the injunction entered against him," and found that the "so-called parole (entered on April 19, 1918, being the order entered as follows, 'It is ordered that commitment do not issue until further order of this court') should be revoked, and that commitment should issue under the judgment herein entered on April 19, 1918, and it is ordered that such parole be revoked, and that commitment do now issue, and that the defendant, A. S. Hall, be confined for one year from this date, under the judgment heretofore entered herein."

In his return, respondent states that commitment did not issue under the order of April 19, 1918, "because of an arrangement between the county attorney and the defendant and his counsel, whereby defendant was to absent himself from this jurisdiction and to cease any further violation of such injunction.  This condition was not entered of record, but was made known to the court at said time, and was the real reason for the commitment being withheld."

Counsel for petitioner in their argument confirm said statement by respondent.

III. Propositions relied upon by counsel for petitioner, as gathered from their argument, in substance are: That the sentence of imprisonment for contempt of April 19, 1918, for one year, is void, for the reason that, under the statute, the greatest punishment for the first offense for violation of a liquor injunction is imprisonment for six months in the county jail; that the entire judgment entered for contempt is void, because the order first confines petitioner for one year, and then provides that no order of commitment issue until the further order of court; that the order withholding commitment nullified the entire judgment; that the court had no jurisdiction to make the order entered in December, 1922, committing petitioner,—that is, directing that mittimus issue for commitment of petitioner under the judgment of April 19, 1918; that the court was without power, in December, 1922, four and one-half years after the sentence for contempt, to order commitment of petitioner thereunder.

IV. Section 2407, as amended, appearing in Supplemental Supplement of 1915, reads:

"* * * A party found guilty of contempt under the provisions of this section shall for the first offense be punished by a fine of not less than two hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than three nor more than six months, or by both fine and imprisonment."

This section also provides that a party having once been found guilty of contempt for violating a liquor injunction, shall, for each subsequent violation, be punished by a fine of not less than five hundred or more than one thousand dollars, or by imprisonment for more than one year.

So far as disclosed by the record, the violation of the injunction of June 19, 1917, for which violation the order of commitment was entered on April 19, 1918, was the first violation by petitioner of such injunction. Mani-

1. INTOXICATING LIQUORS: contempt: suspension of commitment.

festly, the court exceeded his jurisdiction and power authorized by the statute, in committing petitioner for a longer period than six months. Also, respondent court was without authority to order that com-

mitment should not issue until further order of the court. The suspension of the order of commitment was in the nature of a parole, or an attempt to grant parole to petitioner. The court does not have such authority in contempt proceedings. *State v. Hume,* 193 Iowa 1395.

V. In some jurisdictions, it is held that a sentence in excess of the punishment prescribed by statute is entirely void. According to the weight of authority, it is held that, where a

2. CRIMINAL LAW: court imposes a sentence in excess of that au-
judgment or sen- thorized by law, the whole sentence is not illegal
tence: exceeding
statutory limit. and void, but is valid to the extent of the sen-
tence that the court had power to impose, and void merely as to such excess. Some of the cases so holding are: *In re Bonner,* 151 U. S. 242 (38 L. Ed. 149); *In re Swan,* 150 U. S. 637 (37 L. Ed. 1207); *In re Smith,* 152 Cal. 566 (93 Pac. 191); *Sennott's Case,* 146 Mass. 489 (16 N. E. 448); *State v. Reed,* 132 Minn. 295 (156 N. W. 127); *People v. Baker,* 89 N. Y. 460; *Halderman's Case,* 53 Pa. Sup. Ct. 554.

VI. Petitioner's contention that he cannot now be legally committed to serve the sentence imposed by the judgment of April 19, 1918, because of the lapse of over four years without enforcement of said judgment, is not well taken. *Miller v. Evans,* 115 Iowa 101.

We reach the conclusion that the judgment of April 19, 1918, committing petitioner to jail for contempt, for a period of one year, was valid, and now enforcible to the extent of confinement of petitioner for a period of six months, and void in excess thereof; and that respondent court had, in December, 1922, authority to direct that mittimus issue under said judgment of April 19, 1918, for commitment of petitioner.

Results in sustaining the writ, so far as above stated, and otherwise annulling the same.—*Sustained in part; annulled in part.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.

PRESTON, C. J. (concurring). I concur in the opinion of Mr. Justice Arthur, but wish to add that the earlier proceedings herein show the futility and folly of granting lenience to, or temporizing with, rum runners and bootleggers. In this case, ·

petitioner was given a stiff sentence, one beyond and not authorized by law, and then he was turned loose. They ask leniency on the promise to quit the business, without any intention of doing so. If their request is granted, they come in afterwards, as here, and claim that the court had no power to do the thing they asked. If there were a little common sense and backbone used, with less temporizing with law violators, and if the crime of liquor selling were treated as other crimes, there would be less defiance of and resistance to the Constitution and liquor laws. Ultimately, the laws will be enforced, notwithstanding such defiance.