## STATE EX REL. NICHOLAS J. FLYNN v. DOUGLAS C. RIGG.

98 N. W. (2d) 79.

July 24, 1959—No. 37,700.

*Feinberg, Mirviss, Meyers & Schumacher,* for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment of the District Court of Washington County, dated September 26, 1958, denying a petition for a writ of habeas corpus.

From the record before us it appears that petitioner was arrested

on July 28, 1954, and charged with the crime of grand larceny in the second degree. It appears that petitioner and one Edward K. Huisinga, while driving their car on the highway, picked up a hitchhiking sailor, one Russell C. Pasonault. Petitioner and Huisinga had a supply of liquor and as they and Pasonault drove along they stopped and purchased more. Apparently they consumed quite a large quantity of liquor, as the result of which they all became intoxicated. Somewhere along the way petitioner and Huisinga carried Pasonault from the car into a field, where they removed his watch, ring, and some travelers checks, some of which were later found in their car. The value of the stolen property was $95. Shortly after being arrested, petitioner, on the advice of the sheriff, retained counsel of his own choosing. Before appearing in court for arraignment, there were three, or possibly four, conferences between petitioner and his attorney. Petitioner entered a plea of guilty to the offense of grand larceny in the second degree, after which he was charged with the commission of three prior felonies, to which he entered a plea of guilty. He was thereupon sentenced to an indeterminate term in the state penitentiary.

Petitioner asserts that the sentence is invalid for the following reasons: (1) That, although he was represented by counsel in the district court at the time of and prior to his arraignment, his plea of guilty was conditional and qualified and that it should not have been accepted by the court; (2) that he was misled by a statement of the court that the maximum penalty for the offense of which he was charged was 5 years, whereas the maximum penalty for the offense, after a plea of guilty to three prior felony convictions, was for a much longer term; and (3) that the information charging him with three prior felony convictions was invalid in that one of the convictions was not a felony under Minnesota law.

■ The rules pertaining to the right to a writ of habeas corpus in a criminal matter have been stated so frequently by this court that it seems superfluous to repeat them. It is well recognized that ordinarily the only questions open to review on habeas corpus after a conviction are whether the court had jurisdiction over the person charged with the crime and over the subject matter of the cause; whether the sentence was authorized by law; or whether petitioner has been denied

due process or other fundamental constitutional rights.[1] The writ may not be used as a substitute for an appeal or for a motion to correct, amend, or vacate a judgment of conviction validly entered.

■ Where there is no challenge to the jurisdiction of the court over the person or the subject matter involved, our inquiry is limited to a determination of whether petitioner has been denied due process or other fundamental constitutional rights. In this case there is no challenge to the jurisdiction of the court, either over the person of petitioner or the subject matter involved. We therefore confine our examination of the petition and record to the questions involving a denial of due process or other fundamental constitutional rights.

■ Petitioner appeared pro se in the district court but appears in this court represented by counsel. It has been the practice of this court, where a petitioner imprisoned in the state penitentiary appears pro se, to carefully examine the petition and commitment record, including the judgment roll, to ascertain if there has been any denial of fundamental constitutional rights even though, technically, the petitions so presented sometime lack the requisite draftsmanship that would be expected if the petitioner had appeared by counsel. We have so proceeded in this case, but, whether a petitioner appears pro se or by counsel, it must appear from the petition and the commitment record that facts alleged, if established, would entitle the petitioner to a discharge under a writ of habeas corpus before he is entitled to a hearing on the petition. With these rules in mind, we proceed to a determination of the questions raised by petitioner.

■ Petitioner's first contention is that he was inadequately represented by counsel; that his plea of guilty was conditional; and that the state failed to establish intent to appropriate the property taken, which was an essential element of the crime of which he was charged. The record fails to bear him out. He was arrested on July 28 and brought before the municipal court on July 30, 1954. He was then

---

[1]Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314; Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.

represented by counsel, as he was throughout the proceeding. He waived a preliminary hearing. On August 20, some 20 days after appearing in municipal court, he appeared before the district court upon his application to plead guilty. He admits that he had conferred with his counsel two or three times and does not now claim that he had inadequate time in which to confer with counsel. He and his attorney both admitted at the time of his arraignment that he understood the nature of the crime of which he was charged. The record shows that the court was more than usually careful in ascertaining that he did understand the nature of the crime. During the arraignment and prior to the imposition of sentence, the record shows the following proceedings, including questions by the court and the prosecuting attorney:

"THE COURT: * * * May I next ask, Mr. Klemme,[2] how often you have consulted with these gentlemen? Have you talked to them on several occasions?

"MR. KLEMME: That's right, Your Honor. My best guess would be three and possibly four times.

"THE COURT: You are satisfied it is proper that they make this application to plead guilty at this time?

"MR. KLEMME: Yes, Your Honor.

\* \* \* \* \*

"THE COURT: Now, I want to inquire, Mr. Klemme, whether or not you are satisfied that both of these defendants understand the nature of the charge made against them.

"MR. KLEMME: They understand the nature of the charge, Your Honor."

After the clerk of court had read the information, the court again inquired:

"THE COURT: Now, you are satisfied, Mr. Klemme, that defendants and each of them understand the nature of this charge made against them?

"MR. KLEMME: That's correct.

---

[2] G. Harmon Klemme, an attorney at law, represented petitioner and his codefendant.

"THE COURT: You are satisfied, also, that each of them possesses the mental capacity and competency to understand this charge and to present any defense which they have to it?

"MR. KLEMME: That's correct."

Thereafter the court asked petitioner personally what his plea was, and he personally stated "Guilty * * *."

Before the imposition of sentence, petitioner was questioned by the prosecuting attorney, and the following questions were put to petitioner and answers obtained:

By Mr. Felix:

"Q  As I understand, you told your counsel that you were under the influence of intoxicating liquor when this offense occurred to which you pleaded guilty?

"A  Yes, I was, sir.

"Q  But you don't claim that you were stupefied drunk?

"A  Well, I was almost, I guess you might call it.

"Q  Let me ask you, Mr. Flynn, if you claim that your intoxication was to such a degree that you did not have any intent whatsoever?

"A  If it was any intent, it would be on the spur of the moment.

"Q  You don't deny that you committed this crime, one of the essential elements of which is the intent to appropriate that money?

"A  No, I don't."

Petitioner relies on State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723. In that case the petitioner was charged with willfully and feloniously deserting and failing to support his wife, with intent to wholly abandon her. He did not retain counsel, and the court appointed an attorney to represent him immediately prior to arraignment. He had about 10 minutes in which to confer with such attorney. In entering a plea of guilty he indicated a lack of intent which constituted an essential element of the crime with which he was charged. We held that under the facts of that case he was inadequately represented and that, when it appeared that possibly he had no intent to abandon his wife, the court should not have accepted the plea of guilty without requiring further consultation with his attorney. Here, there can be no claim of inadequate opportunity to confer with counsel.

The time between arrest and arraignment was amply sufficient to provide opportunity for discussion and reflection before a decision was made to enter a plea of guilty. Under the record before us it can hardly be assumed that petitioner's counsel did not advise him concerning the essential elements of the crime of which he was charged. Furthermore, his statements, while somewhat equivocal, do show that he had an intent to appropriate the property. Intent arising on the spur of the moment is nonetheless an intent as well as if there had been more premeditation, and, even taking the statements made by petitioner literally, it appears that he admitted all the essential elements of the crime.

■ Prior to accepting a plea of guilty, in an apparent attempt to fully advise petitioner as to the seriousness of the crime, in addition to the questions of the court quoted above, we find the following statement by the court:

"THE COURT: Are they[3] aware of the fact that the penalty for Grand Larceny in the Second Degree that may be imposed is confinement in the State Prison of up to five years?

"MR. KLEMME: That's right."

At the time this statement was made by the court it was correct. The information charging petitioner with conviction of three prior felonies was filed thereafter, and, upon entering a plea of guilty to such prior convictions, the penalty under our habitual criminal act would exceed 5 years. The record shows that the court inquired of petitioner as follows:

"THE COURT: And may I inquire of you directly—you were aware of the County Attorney's procedure requiring him to file this Information charging you with prior convictions, is that correct, before you came to court this morning?

"THE DEFENDANT FLYNN: Yes."

The court thereupon accepted his plea of guilty to the conviction of prior felonies. Inasmuch as the record clearly shows that petitioner had knowledge of the fact that such informations were to be filed prior to entering his plea of guilty to the original charge, we can hardly as-

---

[3]Petitioner and Huisinga were charged jointly in the same information.

sume that his counsel had not advised him of the consequences of such plea. Furthermore, if he was guilty of the crime charged, it is difficult to see how the increased punishment resulting from a guilty plea of conviction of former felonies would make him less guilty or would invalidate the conviction based upon such plea of guilty.

Finally, petitioner claims that the sentence is invalid for the reason that, while he entered a plea of guilty to the conviction of three prior felonies, one of such prior crimes was not a felony under Minnesota law.

The maximum penalty for the crime of grand larceny in the second degree is 5 years' imprisonment in the state penitentiary. Upon a conviction, either by trial or a plea of guilty of having been convicted of two prior felonies, the punishment for grand larceny in the second degree is 10 years.[4] Upon a conviction of three prior felonies, the punishment is prescribed by M. S. A. 610.29, and might be for life. Petitioner was sentenced under an indeterminate sentence. The increased penalty under the habitual criminal act is punishment for only the last offense committed.[5] Even if we assume that one of the three prior convictions did not constitute a felony in Minnesota and that it cannot be counted unless it does, the sentence is valid except as to the excess.[6] Petitioner is not yet in a position to be released on a writ of habeas corpus for the reason that the time he has served is still less than that for which he could have been sentenced for the commission of the crime of grand larceny in the second degree and two prior felonies. Petitioner was sentenced on August 20, 1954. He has now served less than 5 years of the term for which he was sentenced. Even allowing time off for good behavior under a 10-year sentence, to which there can be no objection, he must serve a minimum of 6 years, 11 months, and 18 days before he could be released.

We have frequently held that a petition for a writ of habeas corpus based upon the invalidity of a sentence which it is claimed is ex-

---

[4]M. S. A. 610.28.

[5]Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

[6]State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127.

cessive under the law is premature if brought before the petitioner has served the maximum sentence, less time off for good behavior, to which there is no objection.

Some claim has been made that our cases on this subject are not clear, because in some of them we refer to service of the maximum[7] required under the statute and in others to the minimum.[8] A fair reading of our decisions leaves no doubt as to the applicable rule. While the terms "minimum" and "maximum," if taken out of context in our former decisions, might leave a confused impression as to what the rule is, if the cases are read together there should be no difficulty in ascertaining what rule we follow. Many of the cases where the terms are used interchangeably are cited in other cases. It is clear that we have followed the rule consistently that, before a defendant over whom the court has jurisdiction, who is imprisoned under an indeterminate sentence, may be released under a writ of habeas corpus for the reason that the court erred in finding him guilty of prior convictions or some thereof, he must have served as a minimum the maximum term of the sentence which is free from objection, less time off for good behavior. As applied to the facts of this case, petitioner is imprisoned under an indeterminate sentence for the crime of grand larceny in the second degree and three prior convictions. He questions the validity of only one of the three prior convictions. He has not yet served the maximum term for grand larceny in the second degree and two prior convictions; hence his petition based upon this ground is premature.

While the question is not now before us, inasmuch as the application is premature, it might be said in passing that in determining the length of an indeterminate sentence imposed upon conviction of a felony

---

[7]State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984.

[8]Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627; State ex rel. Richter v. Swenson, 241 Minn. 414, 63 N. W. (2d) 265, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149. (In all of these cases we cited with approval State ex rel. Petcoff v. Reed, *supra*.)

and other prior convictions only those crimes which would constitute a felony in this state may be counted. Both § 610.28, which deals with punishment for a felony where there are one or two prior convictions, and § 610.29, which deals with punishment upon conviction of a felony and three prior convictions, are specific on this point. As far as material they are the same. Section 610.28, as far as material, reads:

"Every person who, after having been convicted in this state of a felony or an attempt to commit a felony, or, under the laws of any other state or country, *of a crime which, if committed in this state, would be a felony,* commits any felony or attempts to commit any felony, in this state, upon conviction thereof, shall be punished as follows: * * *." (Italics supplied.)

It follows that, in determining the length of the indeterminate sentence imposed here, only those prior convictions may be counted that were for crimes which, *if committed in this state,* would be felonies. When petitioner has served the term which is not open to objection he may then be in a position to apply for a release on a writ of habeas corpus if an attempt is made to further detain him on account of a prior conviction for a crime that is not a felony here.

A careful examination of this petition and the commitment record fails to disclose any ground upon which petitioner would be entitled to a discharge under a writ of habeas corpus, and therefore the district court correctly denied the petition.

Affirmed.