## STATE EX REL. DON A. DOMBROSKE v. RALPH TAHASH.

114 N. W. (2d) 665.

April 13, 1962—No. 38,371.

*Don A. Dombroske,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of State Prison.

THOMAS GALLAGHER, JUSTICE.

Appeal from a district court order denying relator's petition for a writ of habeas corpus based on the claim that he is unlawfully imprisoned in the State Prison in that at the proceedings leading to his conviction he had not been adequately represented by counsel; that he had been coerced by police into entering a plea of guilty; and that the judgment of conviction constituted a denial of his constitutional rights.

The record discloses that relator is presently confined in the State Prison under a valid judgment and warrant of commitment of the District Court of Le Sueur County for his conviction of the crime of unlawfully and feloniously, with the intent to defraud, uttering, and disposing of as true, a check drawn upon the Valley State Bank of Le Sueur which he signed with a fictitious signature and cashed at the Super Valu Market in Le Sueur.

At his arraignment on April 21, 1959, in the District Court of Le Sueur County, upon his claim he was without funds for counsel, the court appointed George T. Havel, a qualified and competent member

of the bar, to defend him upon the charge that he had committed the crime described. On April 27, 1959, after a week's delay during which he consulted with his counsel, he again appeared in district court and pleaded guilty to such crime.

It also appears that at that time relator was on probation from a sentence of not more than 5 years at the State Reformatory in St. Cloud, imposed by the District Court of Martin County for his conviction of the theft of an outboard motor. Prior to his sentence by the District Court of Le Sueur County, he admitted that some 6 or 7 additional forged checks which he had cashed were still outstanding. At the time of sentencing his counsel stated to the court:

"* * * It is my understanding that the conviction that was had in Martin County when he was charged with Grand Larceny and given an indeterminate sentence that because of this prosecution here that sentence has been revoked by the Court there and he will be required to serve that time in a penal institution. * * * in view of that fact it would be * * * unrealistic to hope that he could have any consideration as far as any suspended sentence * * * is concerned. * * * It is my understanding * * * that the Court could require that the sentence on this one to be served consecutively rather than concurrently. I, however, feel from what was disclosed at the last examination that most of his problem here was due to drinking * * *. In making this statement I wish to urge the Court to consider that the sentences will not run consecutively."

It does not appear that at the time of his sentence relator was charged with prior conviction of a felony. Upon his plea of guilty as above described, he was sentenced by the District Court of Le Sueur County to a maximum term of 10 years in the State Prison under the indeterminate sentence plan. Judgment of conviction was thereafter entered and a warrant of commitment issued.

In a memorandum attached to the order denying the petition for a writ of habeas corpus, the court stated:

"The petitioner in this matter makes certain claims upon which he seeks to attack the jurisdiction of the court to impose his present sentence for the crime of forgery, second degree. He claims he had inade-

quate and ineffective counsel and that he was not fully advised of his rights; but he fails to state in what respects his counsel was inadequate or of what rights he was not advised. He also claims that he was held illegally and threatened by police to coerce a plea of guilty and to obtain a confession; but he fails to set forth the names of any persons by whom he was illegally held or threatened, the precise nature of the threats or that in fact he did give a confession to the persons whom he claims so held and threatened him.

"His claims amount to nothing more than bare conclusions of law * * *. State ex rel. James Sherin vs. Goss, 73 Minn., 126.

"* * * in his petition he refers to the proceedings leading up to the judgment of conviction as constituting a denial of due process and equal protection of the law, but has failed to attach to the petition a copy of such proceedings. This court has taken judicial notice of these proceedings and has examined the same including the official transcript * * *."

The court then recited the district court proceedings at which relator's plea of guilty was given and sentence imposed. They clearly indicated that at all times he was properly represented by counsel and was fully aware of the consequences of his plea of guilty.

We are in full accord with the conclusion reached by the trial court. The record establishes that relator is presently confined in the State Prison under a valid judgment of conviction and sentence in the District Court of Le Sueur County and pursuant to a warrant of commitment issued thereunder. All proceedings appear to be in full accordance with the law. There is no showing whatever that any of relator's constitutional rights were violated therein. On the contrary, the trial court was particularly concerned with according him full protection.

This court has repeatedly stated that in habeas corpus proceedings the judgment of conviction is presumed to be valid unless it appears affirmatively that the court was without jurisdiction, State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898; State ex rel. Schwanke v. Utecht, 233 Minn. 434. 47 N. W. (2d) 99; and that, in habeas corpus proceedings where it appears that the petitioner was not denied due

process or other fundamental constitutional rights at his trial and sentence, the petition must be denied. State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79; Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

Under these decisions and the record presented here, it is obvious that the trial court had no choice but to deny relator's petition, and its order to such effect is affirmed.

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.