**BEARD v. SANFORD, Warden.**

No. 9132.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1939.

James J. Laughlin and Ellis Klein, both of Washington, D. C., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment denying appellant's second petition for a writ of habeas corpus. The denial of the former petition was affirmed by this court in an opinion reported in 5 Cir., 99 F.2d 750.

Appellant was convicted on two counts of an indictment charging violations of Section 153 of the Code of the District of Columbia, T. 6, first, by setting up and keeping a certain gaming table for the purpose of gaming, and, second, setting up and keeping a certain place for the purpose of gaming. The maximum sentence of five years was imposed on each count, and appellant has served more than half of the term imposed. The judgment was affirmed on appeal. Beard v. United States, 65 App.D.C. 231, 82 F.2d 837, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

■ Appellant contends that the statute creates only one offense and that the same offense is charged in each count, so that the trial court was without authority to impose more than one sentence of five years. Substantially the same proposition was resolved against appellant on the former appeal, but he now contends that prosecution under both counts constituted double jeopardy, contrary to the Fifth Amendment of the Constitution, U.S.C.A., and that, under the doctrine of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, the court was without jurisdiction to impose both sentences.

Reaffirming what was said on the former hearing, we call attention to the fact that, in Johnson v. Zerbst, supra, the court expressly recognized the privilege of an accused to waive a constitutional right. The question raised on this appeal was for the determination of the trial court. Granting, arguendo, that appellant did not raise the question on the trial or on the appeal from conviction, the effect of his failure to do so was to waive the question for all time. Bens v. United States, 2 Cir., 266 F. 152, certiorari denied, 254 U.S. 634,

41 S.Ct. 8, 65 L.Ed. 449; Moyer v. Anderson, 5 Cir., 203 F. 881; Brady v. United States, 8 Cir., 24 F.2d 399; Belt v. Zerbst, 10 Cir., 82 F.2d 18; Norton v. Zerbst, 10 Cir., 83 F.2d 677.

The trial court had jurisdiction of the person and of the subject matter, and the district court was without authority to review its judgment in habeas corpus proceedings.

The judgment of the district court is affirmed.