Oscar B. Landrón, etc., Plaintiff and Appellant, *v.* Manuel V. Domenech, etc., et al., Defendants and Appellees.

No. 8496. Argued December 22, 1942.—Decided January 15, 1943.

*Dubón & Ochoteco* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *Carlos Santana Becerra, Deputy Attorney General,* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the court.

Act No. 28, Laws of Puerto Rico, 1917 (p. 162), as amended by Act No. 51, Laws of Puerto Rico, 1938 (p. 159), reads in part as follows:

"All officers and employees of the Government of Puerto Rico or. of any municipality thereof who are members of the National Guard of Puerto Rico or of· the Organized Reserves of the United States Army, shall be entitled to leaves of abscence from their respective duties without loss of pay, time or efficiency rating on all days during which they are engaged on duty ordered or authorized under the provisions of the laws of the United States or of this Act."

On October 15, 1940, the appellant was an insular employee and a member of the National Guard of Puerto Rico. On that date he was ordered into the active military service of the United States (Title 50, U.S.C.A., §§401, 301(c); Executive Order 8551 of the President of the United States, dated September 25, 1940; General Order 33 of the Governor of Puerto Rico, dated September 26, 1940).

The appellant prayed in this suit for a declaratory judgment that he and all others similarly situated are entitled to leave of absence with pay from their insular employment during the entire time they were in the active military service of the United States, which has already lasted more than two years and will presumably continue for the duration of the war.

The appellant's contention cannot be sustained. The district court correctly interpreted our 1938 statute when it said that "There is no doubt that the purpose of our Legislature in granting to employees and officers of our insular government, or of the Municipalities, who were members of the National Guard of Puerto Rico, leave with pay during the days they were performing services as members of that organization, was to stimulate the enlistment of the greatest number of insular and municipal officers and em-

ployees in the National Guard. But that does not mean that it could have been the legislative intention that if the said officers or employees were called to render services during a number of months or years, they would have to continue receiving their salaries as such employees or officers. The statute is quite clear: it provides that during the days they render services they shall have a right to leave with pay. If their intention had been otherwise, the legislature would have used the phrase 'during the period' instead of 'during the days.'"

In addition, as the Attorney General points out, ". . . when the lawmaker authorized said leaves of absence with pay, using the term 'on the days during which', he had in mind the other provisions of the same act which fixed the services to be rendered by the National Guard created by it, such as the assemblies for drill and instruction, including target practice, not less than forty-eight times each year (at the rate of one assembly or drill a week, more or less), the encampments, maneuvers, or other exercises, including target practice, at least *fifteen days* each year, and such encampments, maneuvers, or other exercises, including outdoor target practice, for field instruction, either independently or in conjunction with any part of the Regular Army, as may be required by the Secretary of War under such regulations as the President may prescribe. (Military Code of Puerto Rico, Act No. 28 of 1917, Laws of 1917, vol. I, p. 184, Topics: Training of the National Guard; Encampment and Maneuvers)."

While our statute is not as clear as the federal statute, the Comptroller General of the United States has interpreted a similar statute affecting federal employees (32 U. S.C.A. §75) to the same effect. (19 Comp. Gen. 880.)

The appellant relies on a number of recent cases (*State v. Grayston,* 163 S. W. (2d) 335 (Mo., 1942), and cases cited therein; 140 A.L.R. 1499; 30 Calif. L. Rev. 99) which hold

238 that when a member of the National Guard is ordered into the active military service of the United States he does not thereby automatically vacate his local office under a state constitutional provision that no person holding an office under the United States shall hold any state office. There is no question of incompatibility of offices involved herein, and those cases shed no light on our problem.

In view of the conclusion we have already reached, we need not determine if the Attorney General is correct in his contention that when the appellant entered into the active military service of the United States, he ceased to be a member of the National Guard of Puerto Rico. See 32 U.S. C.A. §81; Act No. 28, Laws of Puerto Rico, 1942; *State* v. *Wagener*, 77 N. W. 424, 5 (Minn., 1898). By the same token, we leave open the contention of the Attorney General that the members of the National Guard retain their status as such when "called forth" by the President pursuant to Title 32 U.S.C.A., §81 *a*, but lose this status when "ordered" into the active military service of the United States pursuant to §81 of the same title, Cf. *United States* v. *Sugar*, 243 Fed. 423, cert. denied, 248 U. S. 578; *United States* v. *Carlson*, 44 F. (2d) 5.

It should perhaps be noted that there was no appeal by the defendants from that portion of the judgment of the district court providing that "said officers and employees have the right, on being released from the Army, to the same offices or jobs they held when they entered the Army". (Cf. Title 5 U.S.C.A. § 34).

The judgment of the district court will be affirmed.