Oscar B. Landrón, Etc., demandante y apelante, *v.* Hon. Manuel V. Domenech, etc., et al., demandados y apelados.

Núm. 8496.—*Sometido:* Diciembre 22, 1942. *Resuelto:* Enero 15, 1943.

*Dubón & Ochoteco,* abogados del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos, y Carlos Santana Becerra, Procurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La Ley Núm. 28, Leyes de Puerto Rico, 1917 ((1) pág. 163), según quedó enmendada por la Ley Núm. 51, Leyes de Puerto Rico, 1938 (pág. 166), dice en parte como sigue:

"Todos los funcionarios y empleados del Gobierno de Puerto Rico o de cualquier municipio del mismo, que sean miembros de la Guardia Nacional de Puerto Rico o de las Reservas Organizadas del Ejército de los Estados Unidos, tendrán derecho a licencia para ausentarse de sus respectivos cargos sin pérdida de paga, tiempo o graduación de eficiencia, durante todos los días en los cuales estuvieren prestando servicios ordenados o autorizados en virtud de las disposiciones de la ley de los Estados Unidos o de esta Ley."

En 15 de octubre de 1940 el apelante era un empleado insular y miembro de la Guardia Nacional de Puerto Rico. En dicha fecha fué ordenado en el servicio militar activo de los Estados Unidos (Título 50, U.S.C.A., Secciones 401, 301(c); Orden Ejecutiva 8551 del Presidente de los Estados Unidos, fechada 25 de septiembre de 1940; Orden General 33 del Gobernador de Puerto Rico, fechada el 26 de septiembre de 1940).

El apelante solicitó en este recurso una sentencia declaratoria al efecto de que él y todas las personas que se encuentren en las mismas condiciones tienen derecho a licencia para ausentarse de sus cargos en el Gobierno Insular con paga, durante todo el tiempo que estén en el servicio militar activo de los Estados Unidos, el cual ya ha durado más de dos años y probablemente continuará hasta que termine la guerra.

La contención del apelante no puede prevalecer. La corte de distrito interpretó correctamente nuestro esta-

tuto de 1938 cuando dijo que "No hay duda alguna de que el propósito de nuestra Legislatura al concederle a los empleados y funcionarios del Gobierno Insular, o de los municipios, miembros de la Guardia Nacional de Puerto Rico, licencia con paga durante los días en que estuvieren prestando servicios como miembros de tal organización, fué estimular el ingreso del mayor número de funcionarios y empleados insulares y municipales en la Guardia Nacional. Pero ello no quiere decir que pueda haber sido la intención legislativa que si dichos funcionarios o empleados eran llamados a prestar servicios durante un número de meses, o de años, habrían de continuar percibiendo sus salarios como tales empleados o funcionarios. El estatuto es bien claro: dispone que durante los días en que se estén prestando los servicios es que tendrá derecho a licencia con sueldo. Si hubiera sido otra la intención, el legislador hubiera usado la frase 'durante el tiempo', en vez de 'durante los días' ''.

Además, como indica el Procurador General ''. . . cuando el legislador autorizó dichas licencias con sueldo, usando el término *'durante los días'*, tenía en su mente aquellas otras disposiciones de la misma ley que fijaba los servicios a ser prestados por la Guardia Nacional allí creada, tales como las reuniones para practicar ejercicio y recibir instrucción, incluyendo ejercicios de tiro, en número no menor de cuarenta y ocho veces durante cada año (más o menos a razón de una reunión o ejercicio semanal); los acantonamientos, maniobras y otros ejercicios, incluyendo tiro al blanco por lo menos *quince días* durante cada año; y los acantonamientos, maniobras y otros ejercicios incluyendo tiro al blanco de campaña, bien independientemente o en conjunción con cualquier parte del Ejército Regular, según fuere requerido por el Secretario de la Guerra, de acuerdo con los reglamentos que el Presidente dictare. (Código Militar de Puerto Rico, Ley Núm. 28 de 1917, Leyes de 1917, Vol. I, página 185, Tópicos: Instrucción de la Guardia Nacional; Acantonamientos y Maniobras.''

Aun cuando nuestro estatuto no es tan claro como el federal, el Comptroller General de los Estados Unidos ha interpretado un estatuto similar que afectaba a los empleados federales (32 U.S.C.A. Sec. 75) en el mismo sentido. (19 Comp. Gen. 880).

El apelante descansa en un número de casos recientes (*State* v. *Grayston,* 163 S. W. (2d) 335 (Mo., 1942), y casos allí citados; 140 A.L.R. 1499; 30 Calif. L. Rev. 99) que resuelven que cuando un miembro de la Guardia Nacional es ordenado en el servicio militar activo de los Estados Unidos, éste automáticamente no deja vacante su cargo local, bajo una disposición constitucional del Estado al efecto de que ninguna persona que ostente un cargo bajo los Estados Unidos ostentará otro cargo estatal. Aquí no está envuelta cuestión alguna de incompatibilidad de cargos, y dichos casos no vierten luz sobre nuestro problema.

En vista de la conclusión a que hemos llegado, no es necesario que determinemos si el Procurador General tiene razón en su contención de que cuando el apelante entró al servicio militar activo de los Estados Unidos, dejó de ser miembro de la Guardia Nacional de Puerto Rico. Véanse 32 U.S.C.A. Sec. 81; Ley Núm. 28, Leyes de Puerto Rico, 1942; *State* v. *Wagener,* 77 N. W. 424, 425 (Minn., 1898). Del mismo modo, dejamos sin resolver la contención del Procurador General al efecto de que los miembros de la Guardia Nacional retienen su *status* como tales cuando son "llamados" por el Presidente de conformidad con el Título 32 U.S.C.A. Sec. 81 *a*, pero pierden este *status* cuando son "ordenados" en el servicio militar activo de los Estados Unidos de conformidad con la Sección 81 del mismo Título. *Cf. United States* v. *Sugar,* 243 Fed. 423, *certiorari* denegado, 248 U. S. 578; *United States* v. *Carlson,* 44 F. (2d) 5.

Quizá debería notarse que los demandados no apelaron de aquella parte de la sentencia de la corte de distrito que disponía que "dichos funcionarios y empleados tienen dere-

cho, al ser licenciados del Ejército, a ocupar los mismos cargos o empleos que ocupaban cuando ingresaron''. (*Cf.* Título 5 ·U.S.C.A. Sec. 34).

*La sentencia de la corte de distrito será confirmada.*