**REILLY v. PESCOR, Warden, et al.**
No. 13215.

Circuit Court of Appeals, Eighth Circuit.
July 26, 1946.

Joseph W. Reilly, per se.

Sam M. Wear, U. S. Atty. (Sam O. Hargus, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellees.

Before GARDNER and THOMAS, Circuit Judges, and DUNCAN, District Judge.

GARDNER, Circuit Judge.

This case is before us on appeal from an order denying appellant's application for writ of habeas corpus.

It is alleged in the petition that appellant was inducted into the military service in April, 1942; that he claimed to be a conscientious objector, and was inducted "with the express understanding that he would not be required to handle a gun, or join a combat organization, or accept an overseas assignment." He served at various camps in the United States until February 8, 1943, when he received orders to proceed to Fort Mason, California, for transportation to Hawaii. He objected to his transfer to Hawaii and orders were received in due course directing that he proceed to New Orleans, Louisiana, at his own expense. Prior to his transfer to New Orleans he was a Staff Sergeant but in the transfer order he was demoted to Private. This he protested after arriving at New Orleans and he made claim for reimbursement of his travel expenses, and on April 25, 1943, he received a stencil from the First Sergeant at New Orleans directing him to use the stencil for the purpose of preparing copies of special orders and authorizing reimbursement of travel expenses. He used this stencil for the purpose of having printed copies of the special orders made by a printing establishment in New Orleans, authorizing reimbursement of his travel expenses. These he presented to the Finance Officer and received $69.69 as reimbursement for his travel expenses, and thereafter he continued on the pay-roll as a Staff Sergeant until June, 1943.

On July 26, 1943, he was arrested and placed in the guard house at the New Orleans Army Air Base. Ten days thereafter he was informed that he was accused in five charges under the 94th Article of War, 10 U.S.C.A. § 1566, charging him with filing false and fraudulent claims against the government; that he was accused in one charge under Article of War 96, 10 U.S.C.A. § 1568, of having impersonated a Staff Sergeant; and that he was accused in four charges under Article of War 93, 10 U.S.C.A. § 1565, of having forged special orders. An investigator was appointed by the military authorities, and on September 5, 1943, formal charges were served upon him by the Trial Judge Advocate. These formal charges varied somewhat from the original charges in that there had been added three charges under the 96th Article of War for uttering false documents.

He was tried by a general Court-Martial at New Orleans, Louisiana, on November 5, 1943. The findings of the Court-Martial, a copy of which was attached to the petition for writ of habeas corpus, disclose that he entered a plea of not guilty to all specifications and charges, and that he was found guilty on each of them. It is specifically alleged in the petition that he was convicted and sentenced "for alleged forgery, fraudulent claim against the government, and uttering forged documents." He was sentenced "To be dishonorably discharged from the service of the United States, to forfeit all pay and allowances due and to become due, and be confined at hard labor at such place as the reviewing authority directed for ten years."

Upon review the finding of one charge was disapproved and the sentence was modified "Not to exceed dishonorable discharge, total forfeitures and confinement at hard labor for five years." As thus modified the sentence was approved and ordered executed. Confinement was directed at the Federal Reformatory, El Reno, Oklahoma. Petitioner's claim for clemency was considered by the Secretary of War and denied on August 18, 1944. The record of the trial was reviewed in the office of the Judge Advocate General and found legally sufficient to support the sentence. The petition purports to embody the substance of the testimony presented at the trial before the Court-Martial.

The trial court expressed the view that petitioner's application for writ of habeas corpus was not based upon any claim of denial of any constitutional right by the Court-Martial, and that his application showed on its face that petitioner was seeking to review the sufficiency of the evidence to sustain the verdict and judgment of the Court-Martial and that this was not the proper office of the writ of habeas corpus. Being of this view, the court denied the writ without hearing.

On this appeal appellant seeks reversal on substantially the following grounds: (1) the court erred in holding that it appeared

that an investigation was made of the charges prior to trial, the fact being that there were added to the charges originally filed new charges of "uttering of false documents;" (2) the court erred in holding that petitioner's application was not based upon any claim of denial of constitutional right by the Court-Martial; (3) the Court-Martial exceeded its authority and hence was without jurisdiction; (4) military law as practiced by the United States Army violates Articles VI and VII of the Amendments to the Constitution of the United States.

■ This being a habeas corpus proceeding, neither the lower court nor this court could review the evidence, nor, indeed, consider any alleged errors at law which may have been committed by the Court-Martial. Federal Courts-Martial are lawful tribunals with authority to determine finally any case over which they have jurisdiction, and their proceedings when regular are not open to review by civil tribunals except for the purpose of ascertaining whether or not the military court · had jurisdiction of the person and the subject matter, and whether, having such jurisdiction, it may have exceeded its power. Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475; Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, 11 Ann.Cas. 640. If, therefore, it appears from the allegations of the application for the writ that the petitioner is not entitled to such writ, the court should deny it without going through the idle ceremony of issuing an order to show cause or calling upon the respondent to make return. Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 2, 87 L.Ed. 3; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Banks v. O'Grady, 8 Cir., 113 F.2d 926; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L. Ed. 268, 143 A.L.R. 435; Ellerbrake v. King, 8 Cir., 116 F.2d 168; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857.

It is, however, claimed by appellant that the Court-Martial trying him was without jurisdiction because the charges against him had not prior to his trial been investigated. Article 70 of the Articles of War, as amended August 30, 1937, Title 10 U.S.

C.A. § 1542, provides, among other things, as follows:

"No charge will be referred to a general court martial for trial until after a thorough and impartial investigation thereof shall have been made. This investigation will include inquiries as to the truth of the matter set forth in said charges, form of charges, and what disposition of the case should be made in the interest of justice and discipline. At such investigation full opportunity shall be given to the accused to cross-examine witnesses against him if they are available and to present anything he may desire in his own behalf either in defense or mitigation, and the investigating officer shall examine available witnesses requested by the accused. If the charges are forwarded after such investigation, they shall be accompanied by a statement of the substance of the testimony taken on both sides."

■ It is alleged in appellant's petition and conceded in his brief that an investigation of charges was in fact made, but his specific contention is that after such investigation, when the final charges were prepared there were added three charges under the 96th Article of War for uttering false documents. This in our view presents the only serious question in the case. It was presented to the trial court and was specifically argued in appellant's brief, but entirely ignored by government counsel in their brief. This requirement of a preliminary investigation would seem to be comparable to provision found in many of the states, where prosecution by information as distinguished from indictment by grand jury is authorized. These statutory provisions usually provide that an information can be filed by the prosecuting officer only after the defendant has been accorded the right to a preliminary examination or hearing, and unless waived the requirement is usually held to be mandatory and jurisdictional. The Judge Advocate General of the Army so holds. Thus in the Digest of Opinions of the Judge Advocate General of the Army (1912–1940), at page 292, it is said:

"A record of trial showed affirmatively that no investigation of the charges had

been made prior to the trial. Held that the provisions of Article of War 70, 41 Stat. 759 [10 U.S.C.A. § 1542], with reference to investigating charges are mandatory and there must be a substantial compliance therewith before charges can legally be referred to trial. A court martial is without jurisdiction to try an accused upon charges referred to it for trial without having been first investigated in substantial compliance with the provisions of Articles of War 70, and in such a case the court martial proceedings are void ab initio."

It is therefore necessary to consider the record as to the investigation made. The charges investigated consisted of four charges of forgery under the 93rd Article of War, five charges of fraud under the 94th Article of War, and one charge of impersonation under the 96th Article of War. After the investigation there were added three charges under Article of War 96, charging the uttering of false documents and it is claimed that these were new charges. It is argued that while the charges investigated included charges of forgery, they did not include the charge of uttering forged or false documents, and it is urged that forgery does not include the uttering of a forged instrument. As to this question of criminal law it may be said in passing that the courts are not in entire harmony, but apparently the Judge Advocate General of the Army holds to the view that they are separate offenses, and manifestly the pleading was drawn on that assumption.

■ Whether or not an investigation of the charge of forgery would be sufficient to sustain a subsequent charge of uttering the forged instrument described in the forgery charge, we need not here determine. The offenses, if considered as separate ones, are so closely related that an investigation of the one might well be held to be a sufficient investigation of the other. Be that as it may, it must be conceded that the Court-Martial had jurisdiction of all the charges that were in fact investigated. On review the finding on one charge was disapproved, leaving nine charges that had been investigated on which defendant was found guilty. As has been observed, the sentence was a general or gross sentence, not a separate sentence as to each count. We therefore may concede without deciding that the Court-Martial was without jurisdiction to try the added charge of uttering a forged document. There still remained nine charges properly investigated, upon which petitioner was regularly tried and found guilty. The penalty imposed was within that which could lawfully be adjudged on conviction of any one of the nine charges. Gantz v. United States, 8 Cir., 127 F.2d 498; Flowers v. United States, 8 Cir., 83 F.2d 78; Coghlan v. United States, 8 Cir., 147 F.2d 233; Carpenter v. United States, 8 Cir., 113 F.2d 692; Dillon v. United States, 8 Cir., 113 F.2d 334; Gibson v. United States, 80 U.S.App.D.C. 81, 149 F.2d 381. It follows that even if we were reviewing alleged errors of law, appellant could not prevail on this issue.

■ It remains to consider the contention that military law as practiced in the instant case is violative of the Sixth and Seventh Amendments to the Constitution of the United States. While Courts-Martials discharge judicial functions, they are not a part of the judiciary department of the government. Ex parte Quirin, supra. The power of Congress to provide for the trial and punishment of military and naval offenses in the manner practiced by civilized nations is conferred quite independent of the Third Article of the Constitution defining the judicial power. Dynes v. Hoover, 20 How. 65, 15 L.Ed. 838; State ex rel. Madigan v. Wagener, 74 Minn. 518, 77 N.W. 424, 42 L.R.A. 749, 73 Am.St.Rep. 369. Courts-Martial are essentially creatures of statute and Congress has provided in great detail for the jurisdiction and procedure in the Army. Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; 10 U.S.C.A. § 1474 et seq. The provisions relating to Courts-Martial are not violative of the due process clause of the Constitution of the United States, Amend. 5, nor do they infringe the constitutional guaranty of right of trial by jury. Ex parte Quirin, supra.

We conclude that petitioner has not been denied any constitutional rights and that the Court-Martial had jurisdiction of at least nine of the offenses charged, which was sufficient to sustain the sentence imposed.

The order appealed from is therefore affirmed.