## UNITED STATES ex rel. GILMORE v. STEELE.

United States District Court,
W. D. Missouri, S. D.
July 11, 1951.

564

GARDNER, Chief Judge.

Dewey Gilmore has lodged with me his verified application for a writ of habeas corpus. An examination of the application discloses the following alleged facts.

On the 2nd day of October 1935 he was indicted in the District Court of the United States, for the Eastern District of Oklahoma. The indictment contained two counts based on the provisions of Section 588b of Title 12 United States Code.[1] Count one charged that on or about December 22, 1934, the defendants did, by force and violence and by putting in fear certain named officers and employees of the Okemah National Bank of Okemah, Oklahoma, take from such persons and in their presence certain money belonging to the bank; and the second count charged that the defendants did, by putting in jeopardy the lives of such officers and employees, take the money from the bank. On November 28, 1935, petitioner was, on trial before a jury, found guilty as charged and on December 9, 1935, the court sentenced him to twenty and twenty-five years imprisonment respectively on counts one and two, the sentences to run concurrently. On December 10, 1935, he was delivered to the federal penitentiary at Leavenworth, Kansas, to begin the service of imprisonment.

On January 29, 1936 he was reindicted in the same court. This subsequent indictment charged him with one Cooper in substantially identical language the substance of each and both counts of the earlier indictment and further charged that petitioner and others in freeing and attempting to free themselves from confinement, did on December 3, 1935 feloniously shoot and kill Ben Bolton, a city police officer. That on February 14, 1936 he was tried on said indictment by a jury for the violation of Section 588b Title 12 United States Code and also for the killing as charged in the indictment. The jury returned a verdict of guilty, whereupon the court fixed the sentence of petitioner at 99 years imprisonment to run concurrently with the terms of imprisonment imposed on the former indictment. Gilmore filed a motion to vacate the judgment and sentence, based on the proposition of double jeopardy; the motion was denied and on appeal the order

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 2113.

appealed from was affirmed. Gilmore v. United States, 10 Cir., 124 F.2d 537.

Gilmore is now confined in the Medical Center for Federal Prisoners at Springfield, Missouri, and on or about the 15th of April 1951 he filed a petition for writ of habeas corpus in the United States District Court at Kansas City, Missouri, which on May 3, 1951 was denied and his petition dismissed. This petition was based on a claim of double jeopardy in that he was twice tried by jury for the alleged violation of Section 588b Title 12 United States Code. He then filed notice of appeal and motion for leave to proceed on the appeal in forma pauperis. His motion to proceed on appeal in forma pauperis was denied, Judge Reeves before whom the matter was heard expressing the opinion that the appeal was not taken in good faith.

■ If the facts alleged, and those of which judicial notice may be taken, are sufficient as a matter of law, then the writ should issue forthwith or an order to show cause should issue calling on respondent to show cause why the writ should not be granted. If, however, it appears from the allegations of the petition that the applicant or person detained is not entitled thereto, then the application should be denied without awarding the writ or issuing an order to show cause.

Reilly v. Pescor, 8 Cir., 156 F.2d 632, 634; Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3.

The practice in this regard is stated in Reilly v. Pescor, supra, as follows: "If, therefore, it appears from the allegations of the application for the writ that the petitioner is not entitled to such writ, the court should deny it without going through the idle ceremony of issuing an order to show cause or calling upon the respondent to make return."

It is therefore of first importance to consider whether or not the facts as alleged are sufficient to entitle petitioner to a release from detention.

■ It is elementary that habeas corpus is not a corrective remedy and may not be resorted to to serve the purpose of an appeal.

Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Moore v. King, 8 Cir., 130 F.2d 857; Buie v. King, 8 Cir., 137 F.2d 495.

In the instant case the District Court of the Eastern District of Oklahoma had jurisdiction of the defendant and of the offense charged. Gilmore moved to vacate the judgment and sentence here under attack and, on denial of his motion, appealed to the United States Court of Appeals for the Tenth Circuit which confessedly had jurisdiction. He there asserted that his conviction and sentences constituted double punishment for a single offense. The court, in disposing of this contention, among other things said: "The Act of May 18, 1934, 48 Stat. 783, as amended, 50 Stat. 749, 54 Stat. 695, 12 U.S.C.A. § 588a et seq., deals with the subject of robbery of a bank. Section 2 includes robbery accompanied by force and violence, robbery accompanied by putting in fear, robbery accompanied by assault, and robbery accompanied by putting life in jeopardy. Reliance is placed upon Durrett v. United States, 5 Cir., 107 F.2d 438, and Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409, as holding that the statute merely creates different classes of one offense—robbery of a bank. But in the later case of Wells v. United States, 5 Cir., 124 F.2d 334, it was expressly held that the section creates four separate and distinct offenses. Whether it creates separate and distinct offenses or different classes of a single offense, it is addressed solely and exclusively to the offense of robbery of a bank and does not include murder as an element or incident of such offense. Proof of murder would not be necessary to conviction on an indictment drawn under either provision in the section. But section 3, 12 U.S.C.A. § 588c, provides that whoever, in committing any offense defined in the act, or in avoiding or attempting to avoid apprehension for the

commission of such offense, or in freeing or attempting to free himself from arrest or confinement for such offense, kills a person shall be punished as therein provided. It thus is manifest that the indictment in this case charged an element and necessitated proof of a fact not charged or necessary to be proved in the former case. That fact was the killing of a person while attempting to effect freedom from confinement for robbery of the bank. Measured by the test previously adverted to, the indictment in this case charged a separate and distinct offense from that laid in the earlier indictment." [124 F.2d 537, 539.]

As the court had jurisdiction its judgment and sentence was not void and, if erroneous, the remedy was that pursued by Gilmore, to wit: an appeal. It may be observed in passing that he had been convicted of the bank robbery before he committed the murder so that the first conviction occurred before the offense for which he is now detained was committed. In any event questions of former jeopardy are strictly matters of defense and do not go to the jurisdiction of the court, and hence cannot be raised on application for writ of habeas corpus.

Van Meter v. Snook, Warden, 5 Cir., 15 F.2d 377; Velazquez v. Sanford, Warden, 5 Cir., 150 F.2d 491, 493; Beard v. Sanford, Warden, 5 Cir., 105 F.2d 141; Craig v. United States, 9 Cir., 89 F.2d 980.

In Van Meter v. Snook, supra, application for writ of habeas corpus was urged on the ground that the trial court erred in overruling a plea of former conviction. In the course of the opinion it is said: "The ground of attack on the judgment being a mere asserted error of the trial court in ruling on a matter set up as a defense, that action of the trial court is not subject to be reviewed on habeas corpus."

In Velazquez v. Sanford, supra, relief was sought on the ground that the sentences imposed resulted in double punishment. In the course of the opinion it is said: "In addition, questions of former jeopardy do not go to the jurisdiction of the court. They are matters of defense, and if the defense was available to appellant, it was available only on the trial in the Federal District Court of Porto Rico."

In Beard v. Sanford, supra, writ of habeas corpus was sought on the ground of double jeopardy, and in the course of the opinion it is said: "Appellant contends that the statute creates only one offense and that the same offense is charged in each count, so that the trial court was without authority to impose more than one sentence of five years. Substantially the same proposition was resolved against appellant on the former appeal, but he now contends that prosecution under both counts constituted double jeopardy, contrary to the Fifth Amendment of the Constitution, U.S.C.A., and that, under the doctrine of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, the court was without jurisdiction to impose both sentences. * * * The trial court had jurisdiction of the person and of the subject matter, and the district court was without authority to review its judgment in habeas corpus proceedings." [105 F.2d 142.]

In Craig v. United States, supra, the court, in considering the claim urged in a habeas corpus proceeding that the defendant had been subjected to double jeopardy, among other things, said: "Furthermore, the authorities hereinabove referred to, dealing with the limited scope of review permitted in a habeas corpus proceeding, are equally applicable to this question of former jeopardy. The plea in bar was squarely presented to the court below, and its ruling was sustained by this court on the former appeal. The question cannot now be relitigated in a hearing on a petition for habeas corpus." [89 F.2d 984.]

So, in the instant case, it appears that this very question was presented to the Court of Appeals of the Tenth Circuit in Gilmore v. United States, supra, and it was there ruled against the petitioner. As the trial court and the appellate court both had jurisdiction, this question cannot be relitigated.

The application for habeas corpus is therefore denied and the petition dismissed.