**Ex parte JONES.**

**No. 1518.**

United States District Court
W. D. Washington, S. D.

Oct. 10, 1951.

No appearances.

LEAVY, District Judge.

Under date of October 2, 1951, Fred Dwight Jones lodged in this court a certain instrument, entitled "From: Fred Dwight Jones, PMB 4396 MC, Steilacoom, Washington, To: The Honorable Judge of the District Court, United States District Court, Western Division (District) of Washington, Southern Division, Tacoma, Washington," which is, in effect, an application for a writ of habeas corpus in forma pauperis. This court has carefully read and examined the said application, together with all other applications for such writ of habeas corpus heretofore made to this court by the said applicant, Fred Dwight Jones (there being four previous applications, all of which have been denied), and particularly the application, record of proceedings, and exhibits filed in cause No. 1300 of this court, from which the court determines the facts to be as follows:

That, in the United States District Court in and for the Southern Division of California, Central Division, three separate indictments were entered and filed against the applicant, Fred Dwight Jones. The first indictment charged him with the crime of larceny, upon which he was eventually tried and ordered acquitted of said charge. The second indictment was in two counts, the first charging applicant, with another, of the crime of conspiring to commit the crime charged in the first indictment, and the second count of said second indictment apparently charged the same crime as was contained in said first indictment. Applicant was tried upon the second indictment and convicted on both counts, and on or about June 20, 1949, was sentenced to ten months in jail on each of said counts, said sentences to run concurrently.

The third indictment charged applicant with the crime of forgery in four counts, and on or about July 25, 1949, upon a plea of guilty, applicant was sentenced on count one of said third indictment to serve three years in the penitentiary, said sentence to follow and to run consecutively to the ten months' sentence therefore given; and it was further ordered and adjudged that imposition of sentence on count two of the third indictment be suspended, and applicant was placed on probation for a period of five years, commencing on the completion of the service of the sentence imposed on count one. Counts three and four were dismissed.

From the foregoing facts, it is the opinion of the court that the first indictment mentioned above and the second count of the second indictment are so nearly identical that they charge the same crime and undoubtedly constitute double jeopardy so far as count two of the second indictment is concerned. However, conceding for the purpose of argument that the arraignment and sentence on count two of the second indictment constituted double jeopardy, and even though there was no other count in the indictment, still the writ of habeas corpus

could not be granted for reasons hereinafter set forth.

■ However, it must be borne in mind that there are two counts in indictment number two and that applicant was convicted on each of the two counts and given a ten-month sentence on each count, to run concurrently. The ten-month sentence given on the first count, being the conspiracy count, is good and does not constitute doubt, jeopardy, and, therefore, must be served notwithstanding the sentence on the second count might, for some reason, be illegal. So even though the trial court was in error and the trial and conviction on count two of the second indictment constituted double jeopardy, the error was harmless.

■ It is well-settled law that the crime of conspiracy is distinct from the offense which the parties intended to accomplish as the result of the conspiracy, and it is completed when the agreement has been formed and one or more overt acts have been committed in furtherance of such unlawful design. The offense of conspiracy to commit a crime may be consummated by doing one or more overt acts to effectuate the purpose, although the crime itself be not actually committed. Billingsley v. United States, 9 Cir., 249 F. 331, certiorari denied 247 U.S. 523, 38 S.Ct 583, 62 L.Ed. 1247; Thompson v. Johnston, 9 Cir., 94 F.2d 355; Troutman v. United States, 10 Cir., 100 F.2d 628; and other cases too numerous to mention.

■ Questions of former jeopardy are strictly matters of defense to be pleaded and proved at the trial and do not go to the jurisdiction of the court, and, hence, cannot be raised on application for a writ of habeas corpus. Ex parte Bigelow, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005; In re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085, and cases there cited. Scope of review on habeas corpus is limited to examination of jurisdiction of court where judgment is challenged. United States ex rel. Mascio v. Ragen, 7 Cir., 179 F.2d 930 Habeas corpus is not a corrective remedy and may not be resorted to to serve the purpose of an appeal or writ of error. See:

United States ex rel. Gilmore v. Steele, D. C., 98 F.Supp. 563; Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311, 67 S.Ct. 313, 91 L.Ed. 308; Woolsey v. Best, Warden, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. It may be well to point out that the only purpose of habeas corpus is to furnish a remedy by which persons can find relief when incarcerated for a crime where the committing court was without jurisdiction, and it is not, and never was intended as, a means to relieve persons who are guilty and have been duly convicted of crime, from paying the just penalty therefor.

It further appears that the three-year sentence given applicant under the third indictment is not questioned, which sentence he is now serving and from which he is not entitled to any relief:

It is therefore ordered that the clerk file the petition herein and, upon the filing thereof, for the reasons hereinbefore set forth, it is ordered by the court, upon its own motion, that the petition be dismissed.