Manuel CHAVEZ aka Joe Paiz, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20314.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1967.

Jerome Marks (argued), San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Richard V. Boulger (argued), Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Stated most favorably to the government, the evidence in this case discloses that on July 31, 1963, appellant made two separate sales of heroin to an undercover agent of the Federal Bureau of Narcotics. In the first sale, the agent paid appellant $40 for four bindles containing .31 grams; in the second sale, he paid appellant $110 for four half spoons containing 2.01 grams.

On January 3, 1964, appellant was charged in a 2-count indictment alleging violations of 21 U.S.C. § 174. The first count charged that he fraudulently and knowingly sold, concealed and facilitated the sale, concealment and transportation of the .31 grams of heroin which had been imported into the United States contrary to law, as appellant then knew. The second count contained an indentical charge but referred to the second sale of 2.01 grams. Appellant was tried before a jury and convicted on both counts.

He appealed to this court and we reversed his conviction for error in instructions to the jury, with direction to grant a new trial. Chavez v. United States, 1965, 343 F.2d 85.

On April 12, 1965, a new 3-count indictment was returned against appellant. Counts 1 and 2 were identical to the two counts in the January 3, 1964 indictment. Count 3 charged a violation of 26 U.S.C. § 4705(a), the charge being based upon the same sale of 2.01 grams of heroin on which count 2 was based. Appellant moved to dismiss the indictment, one of the grounds for the motion being that it would subject him to double jeopardy to try him under the new indictment insofar as the new third count was concerned. The motion was denied, the first indictment was dismissed, and appellant was tried before a jury on all three counts of the new indictment. He was found guilty on each count and was sentenced to five years on each count, sentence being concurrent rather than consecutive.

On this appeal, appellant's principal contention is that he was subjected to double jeopardy when tried on the third count because it is based upon the same transaction for which he had been previously tried. We do not find it necessary to consider the merits of this contention.[1] Following reversal of the first judgment against him, appellant could have been retried either on the original indictment or on the first two

1. There is, to say the least, some doubt as to the validity of the double jeopardy claim. See United States v. Ewell, 1966, 383 U.S. 116, 124–125, 86 S.Ct. 773, 15 L.Ed.2d 627; Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed. 1405; Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Orlando v. United States, 9 Cir., 1967, 377 F.2d 667; Howard v. United States, 9 Cir., 1967, 372 F.2d 294, cert. denied, 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356; Henry v. United States, 9 Cir., 1954, 215 F.2d 639, 641; Arzago v. United States, 9 Cir., 1951, 189 F.2d 256. Cf. Forsberg v. United States, 9 Cir., 1965, 351 F.2d 242, cert. denied, 1966, 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212; United States v. Sabella, 2 Cir., 1959, 272 F.2d 206, 210–212.

counts of the new indictment.[2] The sentences on all three counts being concurrent, and there being no double jeopardy so far as the first two counts are concerned, his conviction must be upheld whether the sentence on the third count is valid or not.[3] There is here no suggestion that the presence of the third count prejudicially affected the trial in relation to the first two counts.

■ Appellant makes two other contentions. He claims that the evidence requires the conclusion that he was not the seller of the narcotics, but was the agent of the narcotics agent under an arrangement whereby he was to purchase the narcotics from someone else for the agent. The testimony of the narcotics agent does not require this conclusion, which is supported only by the testimony of appellant himself. The question was submitted to the jury under instructions submitted by appellant's counsel. As we remarked in the earlier appeal, the jury was not bound to believe appellant. Obviously, it did not. We therefore find no merit in this contention.[4]

■ The third contention is that the prosecutor was guilty of misconduct so prejudicial as to require a new trial. We do not find the instances which appellant cites, considering the manner in which they arose and were disposed of by the trial judge upon objection by appellant's counsel, sufficiently prejudicial to require a reversal. 28 U.S.C. § 2111.

Affirmed.

2. This has been the rule for many years. Forman v. United States, 1960, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412; United States v. Ball, 1896, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; Howard v. United States, supra n. 1.

3. We have applied this principle many times. See, e.g., Stein v. United States, 9 Cir., 1964, 337 F.2d 14, 16, cert. denied, 1965, 380 U.S. 907, 85 S.Ct. 889, 13 L.Ed.2d 795; Byrnes v. United States, 9 Cir., 1964, 327 F.2d 825, 830. It has been applied in a case quite comparable to this, Murphy v. United States, 6 Cir., 1943, 133 F.2d 622, 627. Cf. Lewis v. United States, 1958, 105 U.S.App.D.C.

15, 263 F.2d 265, cert. denied, 1959, 359 U.S. 959, 79 S.Ct. 798, 3 L.Ed.2d 766; Ex Parte Jones, W.D.Wash., 1951, 100 F.Supp. 598.

4. Appellant relies primarily upon Henderson v. United States, 5 Cir., 1958, 261 F.2d 909 and Adams v. United States, 5 Cir., 1955, 220 F.2d 297. We need not decide whether we would follow them. We think that they are not applicable here. Cf. Vasquez v. United States, 9 Cir., 1961, 290 F.2d 897; Bruno v. United States, 9 Cir. 1958, 259 F.2d 8; Lewis v. United States, 337 F.2d 541, at 544-545.